UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAYNE W. DOWDELL,

                              Plaintiff,

              against,

MARTIN J. O'MALLEY,

                              Defendant.

**MEMORANDUM AND ORDER**
23-cv-7523 (LDH)

LaSHANN DeARCY HALL, United States District Judge:

      Shayne W. Dowdell ("Plaintiff") appeals an Administrative Law Judge's ("ALJ") final decision dated May 25, 2023, denying his[1] claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). Plaintiff moves pursuant to Rule 12(c) for a judgment on the pleadings reversing the Commissioner's decision and remanding the case for additional proceedings. (*See* Pl.'s Mem. L. in Supp. Mot. J. Plead. ("Pl.'s Mem."), ECF No. 9-1.) Defendant cross-moves pursuant to Rule 12(c) for a judgment on the pleadings affirming the Commissioner's decision. (*See* Def.'s Mem. L. in Supp. Cross-Mot. J. Plead. ("Def.'s Mem."), ECF No. 10-1.)

---

[1] Plaintiff identifies as non-binary but appears to use he/him pronouns. (*See* Admin. Tr. ("Tr.") at 423, ECF No. 8.)

## BACKGROUND[2]

Plaintiff filed his application for SSI benefits on September 16, 2021, alleging a disability onset date of November 1, 2019.[3]  (Admin. Tr. ("Tr.") at 12, 141, ECF No. 8.)  Plaintiff's application was denied on April 22, 2022.  *(Id.* at 61–63.)  Plaintiff requested reconsideration on April 24, 2022.  (*Id.* at 68–71.)  The Social Security Administration ("SSA") denied the request for reconsideration on July 27, 2022.  (*Id.* at 72–74.)  Plaintiff submitted a request for a hearing on August 1, 2022.  (*Id.* at 79–82.)  Plaintiff, who was unrepresented at the time, subsequently waived his right to appear and testify at a hearing before an ALJ on October 14, 2022.  (*Id.* at 119–20.)  On May 25, 2023, ALJ Patrick Kilgannon issued an unfavorable decision.  (*Id.* at 9–22.)  Plaintiff filed a request for review with the Appeals Council, which was denied in writing on August 23, 2023.  (*Id.* at 1–6.)  Plaintiff then commenced this action on October 9, 2023.  (*See* Compl., ECF No. 1.)

## STANDARD OF REVIEW

Under the Social Security Act, a Plaintiff may seek judicial review of the Commissioner's decision to deny his application for benefits.  42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-CV-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012).  In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence.  42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008)

---

[2] The Court relies on the facts and evidence adduced in the administrative record for the purpose of deciding the instant motions.

[3] Plaintiff acknowledges that the earliest month that SSI benefits may have been paid to him is the month after his application was filed. (Pl.'s Mem. at 1 n.2.)  Plaintiff's application was filed on September 16, 2021.

(citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).  The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence.  *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence ...").  Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination.  *See Jones ex rel. Tr.J. v. Astrue*, No. 07-CV-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011).  Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence.  *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).  If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.  *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)).  Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's.  *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing

*Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

The Commissioner's regulations prescribe the following five-step framework for evaluating disability claims:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him [*per se*] disabled . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation omitted); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

Plaintiff raises three arguments on appeal: (1) that the ALJ erred in failing to consider the number of Plaintiff's monthly absences and time off-task; (2) that the ALJ failed to properly consider the expert opinions;[4] and (3) that the ALJ failed to properly develop the record. (Pl.'s Mem. at 10–24.) "Before determining whether the Commissioner's conclusions are supported

---

[4] For the reasons stated on the record at oral argument, held on February 21, 2025, the Court rejects Plaintiff's argument that the opinion of Dr. Eleanor Murphy, a psychologist who evaluated Plaintiff, was not properly considered by the ALJ. (*See* Pl.'s Mem. at 16–21; Tr. of Feb. 21, 2025 Hr'g ("Hr'g Tr.") at 19:15-19.) "[T]he ALJ was entitled to 'weigh the conflicting evidence in the record.'" *Valdes-Ocasio v. Kijakazi*, No. 21-3152, 2023 WL 3573761, at *2 (2d Cir. May 22, 2023) (quoting *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998)); *see also Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve."). The ALJ concluded that Dr. Murphy's opinion was not persuasive, and the Court must defer to the ALJ's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)).

by substantial evidence[,] ... '[the Court] must first be satisfied that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (second and third alterations in the original) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)); *see also Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) ("[I]n deciding whether the Secretary's conclusions on [a claimant's disabilities are] supported by substantial evidence . . . we must first satisfy ourselves that the claimant has had a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act" (citations and internal quotation marks omitted)). Thus, whether the ALJ sufficiently developed the record must be addressed as a threshold issue. *See Benjamin v. Colvin*, No. 16-CV-1730, 2017 WL 4402445, at *7 (E.D.N.Y. Sept. 30, 2017) (citing *Downes v. Colvin*, No. 14-CV-7147, 2015 WL 4481088, at *9 (S.D.N.Y. July 22, 2015)) ("Notably, whether the ALJ failed to develop the record adequately must be addressed as a threshold issue.") As such, the Court begins with this inquiry.

At issue here is the ALJ's determination that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work, and that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. at 16, 21.) On April 21, 2023, at the request of the ALJ, vocational expert Frank Linder reviewed Plaintiff's record and submitted a vocational interrogatory. (*Id*. at 335–42.) Linder concluded that Plaintiff could perform some "unskilled occupations with jobs that exist in the national economy." (*Id*. at 340.) Linder also concluded that, with respect to these jobs, "[o]ne absence per month is acceptable and more than one absence per month is not acceptable," and "[b]eing off task 14% of the

workday is [acceptable while] being off task 15% or more of the workdays is not acceptable." (*Id*. at 342.)

    The ALJ found that the medical assessment of Dr. Nahesi Lambert-Doorn, concluding that Plaintiff "would have a limited ability to perform sustained activities," "should avoid environments with sustained bright lights and loud noises," and "should avoid positional activities" was of limited persuasive value. (*Id*. at 20, 434.) The ALJ also found that the psychiatric assessment of Dr. Eleanor Murphy, concluding that Plaintiff had "marked limitations in interacting adequately with others and sustaining an ordinary routine and regular attendance" was also of limited persuasive value. (*Id*. at 20, 439–40.) The ALJ did, however, find the consultative assessment of Plaintiff's records by an independent medical expert, Dr. Billings Fuess, to be persuasive. (*Id* at 20.) Upon Dr. Fuess' assessment, the ALJ concluded that Plaintiff had "moderate limitations" in "adapting or managing [himself] and . . . in all other functional areas." (*Id*.) Notwithstanding these moderate limitations, the ALJ concluded that Plaintiff is not disabled under the applicable framework based on Linder's finding that "jobs exist in the national economy for an individual with the [Plaintiff's] age, education, work experience, and residual functional capacity." (*Id*. at 21–22.) In making his final determination, the ALJ made no mention of Linder's finding regarding the acceptable number of absences and time off-task applicable to those jobs.

    "ALJs have an affirmative duty to develop the record." *Blash v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 642, 645 (2d Cir. 2020) (citing *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996)). "This duty arises from the Commissioner's regulatory obligations to develop a complete medical record before making a disability determination." *Id.*; *see also* 20 C.F.R. § 404.1512(b).

When there is an obvious or "clear gap[]" in the record, the ALJ is required to seek out missing medical records. *Blash*, 813 F. App'x at 645 (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999)). Where a plaintiff proceeds pro se, the ALJ's duties are heightened. *See Moran*, 569 F.3d at 113. The "ALJ must adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered and by scrupulously and conscientiously probing into, inquiring of, and exploring for all the relevant facts." *Id.* (quotation marks, citation, and alterations omitted). Moreover, "[t]he duty to develop the record is particularly important where an applicant alleges he is suffering from a mental illness[], due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace." *Benjamin v. Colvin*, No. 16-CV-1730, 2017 WL 4402445, at *7 (E.D.N.Y. Sept. 30, 2017) (quoting *Velez v. Colvin*, No. 14-CV-3084, 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017)). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Guillen v. Berryhill*, 697 F. App'x 107, 108 (2d Cir. 2017) (quotation marks and citation omitted).

Plaintiff argues that the ALJ failed to develop the record because he failed to solicit medical opinions from Plaintiff's treating physicians NP Roman Mondal and Dr. Hammad Mohsin. (*See* Pl.'s Mem. at 21–24; Pl.'s Reply in Supp. Mot. J. on the Plead. ("Pl.'s Reply") at 5–6, ECF No. 11.) Not so. As this Court has held previously, "[a]s a general matter, courts in this district have found that the ALJ's duty to develop the record does not require the ALJ to seek medical opinions from treating sources." *Muniz on behalf of A.C.S. v. Comm'r of Soc. Sec.*, No. 20-CV-4741, 2022 WL 759418, at *2 (E.D.N.Y. Jan. 25, 2022); *see also Cameron v.*

*Comm'r of Soc. Sec.*, 537 F. Supp. 3d 378, 380 (E.D.N.Y. 2021) ("I disagree with plaintiff's argument that the ALJ's obligation extended to attempting to have treating providers actually draft opinions that they had not drafted before.") (internal citations omitted).  Indeed, the Second Circuit has held that remand based on an ALJ's failure to seek a treating source's opinion is not warranted where the record is extensive and includes an assessment of the plaintiff's limitations.  *See Tankisi v. Comm'r Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (holding that remand was not warranted solely on the ground that the ALJ failed to request medical opinions where the medical record did not include formal opinions from the plaintiff's treating sources but was extensive and included an assessment of plaintiff's limitations).  Nonetheless, although the ALJ did not err by failing to seek medical opinions from Plaintiff's treating physicians, the ALJ did fail to develop the record by failing to solicit any persuasive assessment of Plaintiff's expected number of absences and percentage of time spent off-task, considering Plaintiff's moderate limitations.

Courts have remanded cases for failure to develop the record where a vocational expert testified about the number of acceptable absences and time off-task permitted in the jobs available to a plaintiff, but the record does not offer any credible assessment of the plaintiff's estimated absences and time off-task.  *See, e.g., Walentynowicz v. Comm'r of Soc. Sec.*, No. 23-CV-3515, 2024 WL 2972814, at *5 (E.D.N.Y. June 13, 2024); *Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909, 2022 WL 409701, at *5 (E.D.N.Y. Feb. 10, 2022).  For example, in *Skartados v. Comm'r of Soc. Sec.*, the court remanded a plaintiff's social security case due to an ALJ's failure to develop the record where "[a] vocational expert testified that the [plaintiff's] given jobs could have no more than 10% off-task time," but "it d[id] not appear that any medical expert

8

estimated Plaintiff's likely off-task time, nor [was] this mentioned in the ALJ's decision." 2022 WL 409701 at *5.  There, the court directed that "[o]n remand, the ALJ should [] clarify whether Plaintiff's likely absences from work and estimated 'off-task' time are compatible with the RFC determined by the ALJ." *Id*.  Similarly, in *Walentynowicz v. Comm'r of Soc. Sec.*, the court held that "in light of [a] [vocational expert]'s testimony and physician opinions that raised potential absenteeism issues, the ALJ's failure to develop the record as necessary to allow him to address the open issue around how many days of work Plaintiff would miss in a month was legal error." 2024 WL 2972814, at *5.  The court in *Walentynowicz* added that "[t]his error is not harmless" because "a finding that Plaintiff needed to miss more than one day of work each month because of his impairments, would have rendered him unable to keep any of the jobs identified by the [vocational expert]." *Id*. (citing *Santos v. Kijakazi*, No. 21-cv-1682, 2022 WL 4354372, at *10 (S.D.N.Y. Sept. 20, 2022).  Such is the case here.

       According to Linder's vocational interrogatories, which the ALJ concluded are sufficiently persuasive, the jobs that "exist in the national economy" that Plaintiff could perform would not permit more than one absence per month or being off task 15% or more of the workday.  (Tr. at 340–42.)  The ALJ further determined that the only medical opinions in the record that closely address Plaintiff's ability to sustain activities, routines, and attendance were of limited persuasive value, while also concluding that Plaintiff had "moderate limitations" in all functional areas.  (*Id*. at 20.)  Thus, the ALJ's adoption of Linder's conclusion that Plaintiff could perform some jobs, but lack of consideration regarding the number of times that Plaintiff may be absent or off-task at that job illuminates "a clear gap in the record."  *See Blash*, 813 F. App'x at 645.  The ALJ had a duty to develop the record to obtain some persuasive medical

9

opinion—from a treating physician or otherwise—addressing Plaintiff's ability to sustain the schedule and time on task necessary to perform the jobs that the ALJ concluded Plaintiff can perform.[5]

For the reasons stated above, the Court finds that the ALJ failed to sufficiently develop the record and, thus, the case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is GRANTED, and Defendant's motion for judgment on the pleadings is DENIED. The Commissioner's decision is remanded for further proceedings and additional findings consistent with this Order. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[5] The Court clarifies that it is not altogether convinced by Plaintiff's argument that the ALJ erred by failing to consider the number of Plaintiff's monthly absences and time off-task, in light of the medical opinions of Dr. Lambert-Doorn and Dr. Murphy concluding that Plaintiff could not maintain a schedule. (*See* Pl.'s Mem. at 11–16.) As the Court noted above, the Court defers to the ALJ's credibility determinations and, as such, the decision of the ALJ not to credit those opinions in assessing whether Plaintiff could maintain the requisite schedule is not a basis for remand. Instead, because the ALJ found those opinions of limited persuasive value, it resulted in a gap in the record with respect to any persuasive opinion that would permit the ALJ to assess whether Plaintiff could maintain the requisite schedule necessary to perform the jobs available to him.